22-13340 Sedona Partners LLC v. Able Moving & Storage Inc. What would be the appropriate resolution if the case had gone like this? Complaint filed, you bring a 9B motion, you say not specific enough, the district court says motion to dismiss granted, would leave to amend, and they come back with a 500-page complaint that dots every I, crosses every T, it hits every element. Should that complaint be dismissed under 9B? I think under the ghost decision and under Bingham, which is persuasive, not binding. I'm saying without respect to the whole discovery shenanigans, forget about discovery. They filed a complaint, wasn't good enough, they were told to file another one, they filed another one, and boy was it fulsome. I think although it's hard to hear in this particular context as you constructed the hypothetical, but if 9B is to have meaning, the answer to that is yes, it should be dismissed. Then I think what you're telling me is that the remedy on a 9B motion is always dismiss with prejudice. Because in my hypothetical, it's dismissed without prejudice, they're given leave to file an amended complaint, they do, and it dots every I and crosses every T. I agree with that, Your Honor, if the relator has been given an opportunity to amend. Obviously if they've not been given, in your hypothetical, they have been given an opportunity. Just like in this case, right? Just like in this case. So if that complaint survives the second 9B motion, right? When you bring your second 9B motion that says even that 500-page complaint that dots every I and crosses every T still isn't good enough. And I think what you've told me is that motion should be denied, because they've done well enough in round two. Back to my question. Is that right? Am I right about that? So here's the thing. They file a cruddy complaint. Complaint number one is no good. It's bad. You move to dismiss it under 9B. The district court says, you know what, you're right. This is not a very good complaint, but I'm going to give them leave to amend, just like it did here. They come back with a second, with an amended complaint. And round two is the 500-page complaint that dots every I and crosses every T and hits every element, right? Can that complaint be dismissed under 9B? If that 500 allegations, 500 pages of allegations that hit the essential elements of the False Claims Act are predicated on discovery, it can be dismissed under 9B. Okay, then this is, I'm just going to put all my cards on the table. That makes no sense to me. What you're telling me is that they can file an unsupported second complaint that's just chock full of assertions backed by nothing, and that survives 9B. But, oh, if they cite discovery, now everything has changed. They've cited real facts in the real world, and we're going to dismiss that one? That seems 180 degrees wrong to me. I don't agree with the premise of that question because you can't definitionally under 9B. The particularity requirement mandates that you can't just make it up upon information and belief and hit the elements. You have to have facts to support each essential element. But somehow if you cite discovery responses, they're no longer facts. That doesn't make any sense? Well, if I could pivot, because I see my time is just to one other aspect, because I think to the extent that there are I think you should answer the question because I don't really understand how you can say It seems to me what you're really saying, bottom line, is that you only get one chance to file a complaint, and that's it. No, Your Honor. You do get a second chance, but that second chance has to be based upon information that you have in your possession or control, not information that you learn through discovery. What if you learned from there's another ongoing litigation somewhere else in another state, and you read that complaint and you learn it and you talk to somebody there, are you saying that that then would qualify as discovery, or that's just pre-discovery that you're doing, you know, talking to other witnesses in another case? If you conduct your own investigation, Your Honor, if you have your own affidavits or whatever mechanism, modality you use to get the, then that would be valid. But if you conduct discovery, if you're going to go to the courthouse and use that as the way, the means, to get access to the records of the discovery. Why would this be, it sort of seems if the district court allows for discovery, why wouldn't this be like a bill of discovery where you're allowed to go to federal court and ask for a bill of discovery before filing a lawsuit? I don't think under the False Claims Act you have that mechanism. The government has that ability under a civil investigative demand, a CID. But, and then there's case law about the availability of CID materials and how there's a joint prosecution interest between the government, and that's different. But if you go to court and you use that modality to gain access to defendant's records, I think the case law is pretty clear in this circuit that that's not valid under Rule 9b. Are you saying for all individuals or just under the False Claims Act? Well, this case is limited to the False Claims Act. No, but that's why I'm asking the question. I think it applies to Rule 9b. Not everyone, not Rule 8. The standards under Rule 8 are fundamentally different. But under 9b, I believe, Your Honor, that does apply. May I just pivot to that last, the last point? Because to the extent there's a public policy issue, there's a, the court has trouble with the logic of the district court. I would argue that this is not the case that the court needs to actually address this issue because even with their quote-unquote prologues, which is a word that one of the, I think it's the keeler of the decision uses for a large complaint, this case still hasn't alleged the fundamental elements of a False Claims Act. The presented claim requires a claim for payment. In all the allegations in the corrected Second Amendment complaint, there is no claim for payment alleged. And the precedent is clear that a claim for payment is required. And very quickly, they have not alleged that it was a transshipment requirement on the make or use claim. They have not alleged that there was a ship on the other side of the transshipment that was actually available with space sufficient to meet the requirements of every single one of the shipments they allege in paragraphs 84 to 196. So even if, even if the court were to find the district court erred in striking those allegations, they still have not fulfilled the fundamental pleading obligations under a False Claims Act. Thank you, Mr. Boutis. Thank you, Your Honor. We ask that you uphold the district court. Okay, I'm going to try very fast here. I've only saved two minutes. So what I want to just hit on before very quickly is this circuit also applied Jones and Hill in the case recently 2023 Smith v. Williams. I believe we provide a copy to everyone. And again, that wasn't even about Rule 8 or Rule 9. That was Rule 41 about dismissal and how those policy concerns cannot override the plain language of the statute. And we disagree, again, respectfully with my colleague across the aisle or the podium here, Jones v. Bach and Hill. Those are Supreme Court mandates. It's not just limited to Rule 9 v. Rule 8. The court was very clear there. You can't read in pleading requirements. You can't heighten. You can't change pleading requirements. Didn't say this only applies to Rule 8. It was very specific. And on a bigger policy front, they were talking about the fact you can't override the plain text. That's an issue. Four policies, four goals. So those cases apply here. And the district court here ignores the Supreme Court's mandate. It's against those mandates and 11th Circuit case law that I just cited. Also, in terms of 9b and the purpose of 9b that was just cited, yes, to give notice to defendants, avoid frivolous claims, etc. There's nothing again in 9b that talks about whether you can use discovery or not. That simply is not being addressed by the other side here. And that's not in the case law. That's not anywhere. And this is going beyond 9b. It's going into a whole other realm of requiring additional things, not just particularity. In terms of the identity, that's a red herring of the relator, and no relief was sought on that as far as I'm aware. That's not what the elements of 9b are. The court also, when it took a peek, I want to address what was said, looked at Clawson specifically. So 9b was evaluated at that initial peep. Ghost, the case that was just cited, that case actually, in passing, refers to prediscovery. It's not part of the holding. There's no analysis on striking or there's no analysis on discovery. We're out of time, Ms. Pahimi. Thank you. Okay. Our last case.